JOHN SHELTON & another *vs.* GARDNER BANKS.

A resolve of the executive council of the Commonwealth in 1786, establishing " a company of artillery" in a town, " agreeably to military law," did not make them a corporation.

Nonjoinder of a defendant in an action of contract can be pleaded in abatement only.

ACTION OF CONTRACT for military goods sold and delivered to the defendant.

At the trial in the superior court of Suffolk at January term 1857, the defendant offered evidence tending to show that he and another person were a committee duly appointed and empowered by the Waltham Artillery, a military corps, to purchase these goods for that company ; that these goods were purchased by them as such committee, and used by the company ; and that this company, with a change of its name and place, had been in existence ever since 1786, when it was organized under the following resolve of the executive council of the Commonwealth : " Advised, that a company of artillery be established at Watertown, agreeable to the military law."

It was admitted that the goods were delivered to the defendant, and that he was a member of the company and captain thereof. The defendant had not pleaded in abatement the nonjoinder of the other members of the company.

*Nash*, J. ruled that the fact that the goods were sold and delivered to the defendant as one of the committee of the company, of which company he was a member, was not a defence to the action. A verdict was rendered for the plaintiffs, and the defendant alleged exceptions.

*A. V. Lynde*, for the defendant. This company, having been formed before the passage of the act of congress of 1792, *c.* 29, or the militia laws of the Commonwealth, differs in organization from military companies formed since. It is in the nature of a corporation, and the company, and not a committee, much less a single member of the committee, is liable to this action.

*A. E. Giles*, for the plaintiffs.

34 *

BY THE COURT. The resolve of 1786 was not an act of incorporation. The Waltham Artillery were a voluntary asso· ciation of individuals, recognized by law, but having none of the attributes of a corporation. Of this association the defendant was a member, and liable jointly with his associates for their debts. The nonjoinder of the others as defendants, upon famil· iar principles of pleading, could be pleaded in abatement only.

*Exceptions overruled, with double costs.*